# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY EPHRAIM ROGERS, | 1:10-cv-02038-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR SUBSTITUTION OF PARTIES |
| v. | (Doc. 14.) |
| JAMES YATES, et al., | |
| Defendants. | |

## I. BACKGROUND

Roy Ephraim Rogers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 2, 2010. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on December 2, 2011, against defendants Correctional Officer Guerra, Captain R. Williams, L. Repp, J. Un, and M. Wallace ("Defendants"), for failing to protect Plaintiff in violation of the Eighth Amendment.[1]

On May 8, 2012, Plaintiff filed a motion for substitution of parties pursuant to Rule 25(a). (Doc. 14.) Plaintiff's motion for substitution of parties is now before the Court.

///

---

[1] All other claims and defendants were dismissed by the Court on April 24, 2012, based on Plaintiff's failure to state a claim. (Doc. 13.)

## II. RULE 25(a)(1) – MOTION FOR SUBSTITUTION

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> [i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Plaintiff seeks to substitute Warden Brazelton, the Warden of Pleasant Valley State Prison ("PVSP"), in place of defendant Captain Williams in this action, based on evidence that Captain Williams is deceased. Plaintiff has filed a declaration in which he asserts that his building counselor informed him that Captain Williams was deceased. (Declaration of Roy Rogers, Doc. 14 at 1:17-23.) Plaintiff contends that the responsibility for Captain Williams' actions now falls upon Warden Brazelton because the Warden is responsible for the treatment of all inmates under his charge, and Plaintiff, who is incarcerated at PVSP, is under the Warden's charge.

This action presently proceeds against defendant Captain Williams for failing to protect Plaintiff from a dangerous inmate, on Plaintiff's allegations that the ICC Committee, of which Captain Williams was a member, evaluated inmate Hudson's case file upon Hudson's arrival at PVSP and placed Hudson on double-cell status, resulting in Hudson being housed in a cell with Plaintiff, where Hudson attacked and nearly strangled Plaintiff to death. Plaintiff has requested monetary damages as relief. Now, Plaintiff seeks to impose liability on Warden Brazelton in his official capacity, for actions taken by Captain Williams in his personal, or individual, capacity. Kentucky v. Graham, 473 U.S. 159, 165 (1988). This is not an official capacity suit.[2] Therefore, Plaintiff may not substitute Warden Brazelton in place of defendant Captain Williams. Therefore, Plaintiff's motion for substitution shall be denied, without prejudice.

///

---

[2] "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).

III.     CONCLUSION

   Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for substitution of parties, filed on May 8, 2012, is DENIED, without prejudice.

   IT IS SO ORDERED.

   Dated:   May 10, 2012              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE