# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY EPHRAIM ROGERS, | 1:10-cv-02038-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST |
| v. | (Docs. 20, 29.) |
| JAMES YATES, et al., | ORDER DISMISSING CASE, WITHOUT PREJUDICE |
| Defendants. | ORDER FOR CLERK TO CLOSE CASE |

## I.  BACKGROUND

Roy Ephraim Rogers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 2, 2010. (Doc. 1.)

On November 12, 2010, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).[1] (Doc. 5.) On November 7, 2012, defendants Guerra, Repp, and Wallace also consented to the jurisdiction of a Magistrate Judge. (Doc. 37.) No other parties have appeared in this action. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of

---

[1] On November 28, 2012, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge. (Doc. 40.) Plaintiff may not withdraw his prior consent in this manner. 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b); Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 1993) (there is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge).

1

California, the undersigned shall conduct any and all proceedings in the case, including trial and final judgment, until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

This action now proceeds on the Second Amended Complaint filed on December 2, 2011, against defendants Correctional Officer Guerra, Captain R. Williams, L. Repp, J. Un, and M. Wallace, for failing to protect Plaintiff in violation of the Eighth Amendment.[2] (Doc. 12.)

On July 31, 2012, defendants Guerra and Wallace filed a motion to dismiss this action for failure to exhaust remedies. (Doc. 20.) Plaintiff filed an opposition on August 24, 2012.[3] (Doc. 25.) On August 29, 2012, defendants Guerra and Wallace filed a reply to the opposition. (Doc. 26.) On October 15, 2012, defendant Repp joined the motion to dismiss. (Doc. 29.) On November 2, 2012, Plaintiff filed a supplemental opposition. (Doc. 33.) On November 7, 2012, defendant Repp filed a reply to the supplemental opposition. (Doc. 36.)

The motion to dismiss by defendants Guerra, Wallace, and Repp ("Defendants") is now before the Court.

## II.   PLAINTIFF'S ALLEGATIONS

The events at issue in the Second Amended Complaint arose at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where Plaintiff is presently incarcerated. Plaintiff names as defendants Correctional Officer Guerra; and Captain R. Williams, L. Repp, J. Un, and M. Wallace (members of the Inmate Classification Committee ("ICC") at PVSP).

Plaintiff alleges as follows in the Second Amended Complaint. An inmate named Hudson, #K-91953, was transferred from administrative segregation (The Hole) at Lancaster State Prison to PVSP. Hudson was in The Hole for attempted murder of his cell mate. Hudson is a documented psycopath, mentally disturbed, very dangerous, and a violent inmate. Upon Hudson's arrival at

---

[2]On November 10, 2011, Plaintiff's claims with venue in the Central District of California were transferred to the Central District. (Doc. 9.) All other claims and defendants, besides those claims upon which the case now proceeds, were dismissed by the Court on April 24, 2012, based on Plaintiff's failure to state a claim. (Doc. 13.)

[3]Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on July 31, 2012, August 23, 2012, and October 16, 2012. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). (Docs. 21, 24, 30.)

1  PVSP, Hudson's file and case factors were evaluated by the PVSP ICC members, defendants Captain
2  R. Williams, L. Repp, J. Un, and M. Wallace. The committee placed Hudson on double-cell status
3  and in the general population.

4  Defendant C/O Guerra disliked Plaintiff because Plaintiff was a white porter and Guerra
5  wanted a young Mexican to have Plaintiff's job. Guerra called Plaintiff a child molester and fired
6  him from his porter job. Plaintiff filed a rules violation report (RVR) against C/O Guerra and won
7  his job back because Guerra was not Plaintiff's job supervisor and had no authority to fire Plaintiff
8  for no reason. C/O Guerra housed inmate Hudson in Plaintiff's cell, knowing that Hudson had been
9  on single cell status for threatening to kill his cell mate and that he has a history of at least 29
10 different violent and serious violations including battery on a prison official on 10/21/05, mutual
11 combat with a weapon in a cell on 9/16/05, battery on a prison official on the yard on 9/15/05,
12 behavior leading to violence on 7/9/05, mutual combat in the cell on 6/23/05, and assault with a
13 deadly weapon with substantial bodily injury on 7/23/99. This was a sensitive needs yard, which
14 means only protective custody inmates were allowed.

15 Inmate Hudson was housed in a cell with Plaintiff by C/O Guerra, housing control officer,
16 because Guerra is corrupt and wished physical harm upon Plaintiff because Plaintiff had filed a RVR
17 against Guerra and won. Just prior to being housed with Plaintiff, inmate Hudson had threatened
18 to kill his cell mate. Guerra promised Plaintiff that Hudson was going home shortly (paroling) and
19 was completely harmless.

20 On or about November 5, 2008, as Plaintiff was coming into his housing unit from outside,
21 defendant Guerra came over and asked him, "Has your celly tried to choke you to death yet?" (ACP
22 at ¶7.) On November 17, 2008 at noon, Plaintiff was sitting at the small desk in his cell using his
23 typewriter when Hudson stepped in and closed the door. Inmate Hudson is easily one-hundred
24 pounds heavier and thirty years younger than Plaintiff. Plaintiff greeted him and continued typing.
25 Suddenly, a noose was wrapped around Plaintiff's throat and he was yanked back out of the seat,
26 slammed to the concrete ground, and strangled until he actually died for an unknown amount of time.
27 Plaintiff left his body and looked down at his dead body with Hudson still on his back, choking
28 Plaintiff with all his force and yelling, "Die, fucker, die!" Id. at ¶9. A shroud rose up from a

distance away and came towards Plaintiff and just as it started to wrap around him, he was slammed back into his body on the floor and brought to life.

While Plaintiff was gasping for breath, the cell door opened and officer Cano pulled him out by his leg. Plaintiff was rushed to the medical department and examined. His eyeballs were bulging, he could not speak, and his throat was swollen and very painful. After a week, Plaintiff was still in pain and only able to whisper. His neck is permanently scarred from the attack. Plaintiff was placed in administrative segregation for ten days.

Inmate Hudson was booked and charged with attempted murder by the Fresno County District Attorney. Hudson is a documented mentally-disturbed psychopath. If the classification committee and C/O Guerra had given Plaintiff some warning that Hudson had prior problems or could be dangerous, Plaintiff would not have allowed Hudson to be housed with him.

### III.    MOTION TO DISMISS FOR FAILURE TO EXHAUST

#### A.    Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's

1  Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure
2  to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed
3  issues of fact.  Wyatt at 1119-20.  If the Court concludes that the prisoner has failed to exhaust
4  administrative remedies, the proper remedy is dismissal without prejudice.  Id.

5        The Court takes judicial notice of the fact that the California Department of Corrections and
6  Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code
7  Regs., tit. 15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602.  Id. at §
8  3084.2(a).  In 2008, prisoners were required to submit appeals within fifteen working days of the
9  event being appealed, and the process is initiated by submission of the appeal to the informal level,
10 or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  Four levels of appeal
11 are involved, including the informal level, first formal level, second formal level, and third formal
12 level, also known as the "Director's Level."  Id. at § 3084.5.  In order to satisfy § 1997e(a),
13 California state prisoners are required to use this process to exhaust their claims prior to filing suit.
14 Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

15     **B.**    **Defendants' Motion**

16       Defendants move to dismiss this action on the ground that Plaintiff failed to exhaust the
17 CDCR's administrative appeals process regarding his claims against Defendants.  Defendants
18 provide evidence that Plaintiff did not submit any administrative appeal concerning his failure-to-
19 protect claim against Defendants in this action, much less exhaust the administrative process, before
20 filing this action.  Prison records show that from November 17, 2008, the date of the incident at
21 issue, to November 2, 2010, the date Plaintiff filed this lawsuit, Plaintiff submitted only one inmate
22 appeal that PVSP's Institutional Appeals Office accepted for review, and the appeal did not concern
23 Plaintiff's failure-to-protect allegations.  (Declaration of J. Morgan, Doc. 20-3 ¶¶ 3, 4.)  Records also
24 show that from November 17, 2008 to November 2, 2010, Plaintiff did not submit any appeals that
25 were accepted at the Director's Level review concerning his failure-to-protect allegations.
26 (Declaration of J.D. Lozano, Doc. 20-2 ¶ 3.)

27 ///

28 ///

## C. Plaintiff's Opposition

The Court looks to Plaintiff's opposition filed on August 24, 2012, Plaintiff supplemental opposition filed on November 2, 2012, and Plaintiff's three complaints filed on November 2, 2010, March 29, 2011, and December 1, 2011.[4] (Docs. 1, 7, 12, 25, 33.) Plaintiff argues that the failure of prison officials to respond to Plaintiff grievances made the administrative remedies unavailable to him, excusing him from exhaustion, and therefore he has completed the appeals process available to him. Plaintiff declares that he filed a grievance on November 24, 2008, "approximately a week after the incident," but he did not receive a response and the grievance was not returned to him. (Opp'n, Doc. 25 at 4 ¶3.) Plaintiff declares that he filed a second grievance on January 19, 2009, but again he did not receive a response and the grievance was not returned to him. (Id. at 4 ¶3 and Exh. B.) Plaintiff also declares that he was interviewed by an investigator. (Id. ¶4 and Exh. B.) On December 7, 2009, Plaintiff submitted an appeal requesting a copy of the investigative record and the appeal was screened out for "appealing an action of decision that has not yet occurred." (Id. at 4-5 ¶5 and Exh. A.) On July 2, 2010, Plaintiff filed a third appeal concerning his failure-to-protect allegations, which was screened out on October 11, 2010 for untimeliness,. (Id. at 5 ¶6, 8:20-22, 9:20-23, and Exh. B.)

Plaintiff argues that his evidence shows that prison officials thwarted his efforts to exhaust administrative remedies because they failed to respond to his two appeals concerning the failure-to-protect claim and after that, it was too late to file a third appeal. Plaintiff also argues that prison officials were biased and prejudiced against him, as shown by their actions in screening out his appeals as untimely and responding frivolously to his appeals. Plaintiff also asserts that the record keeping for appeals is incomplete and unreliable.

///

///

---

[4] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the Complaint, First Amended Complaint, and Second Amended Complaint under penalty of perjury. (Doc. 1 at 7; Doc. 7 at 4, Doc. 12 at 9.) Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints and their accompanying exhibits. Plaintiff's opposition and supplemental opposition are also verified. (Doc. 25 at 13; Doc. 33 at 2.)

**D.     Defendants' Reply**

Defendants reply that with one exception, none of the grievances Plaintiff refers to in his opposition reflect any claims against Defendants in this action, and Plaintiff admits that the one grievance that reflected claims against Defendants was submitted late and properly screened out as untimely.

**E.     Discussion**

Defendants' motion to dismiss applies to all of the defendants to this action, because this case now proceeds only on Plaintiff's failure-to-protect claims against all of the defendants, based on one incident occurring on November 17, 2008.

The parties do not disagree that Plaintiff failed to exhaust his remedies at the third level of review with respect to the allegations and claims upon which this action proceeds. However, a third level, or Director's Level, response is not necessary to satisfy the exhaustion requirement and the mere absence of a Director's Level response does not entitle Defendants to dismissal. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available"). As discussed above, § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The question here is whether Plaintiff exhausted all of the remedies that were made available to him.

Plaintiff's argument that prison officials thwarted his attempts to exhaust administrative remedies is unpersuasive. Plaintiff declares under penalty of perjury that he submitted two appeals concerning Defendants' failure to protect him, on November 24, 2008 and January 19, 2009, and he did not receive any responses, nor were the appeals returned to him. Plaintiff describes placing his grievances "between the cell door" in administrative segregation, "where [they] were picked up by corrections officers and read by them." (Opp'n, Doc. 25 at 5 ¶7.) Plaintiff submits no documentary evidence or witness declarations to support his account of these events. Even taking Plaintiff's

7

declaration as true, the Court cannot make a determination that either of the appeals would have acted as notice to prison officials of Plaintiff's allegations that Defendants acted improperly in failing to protect him, affording an opportunity for the issue to be resolved at the administrative level. A grievance must provide enough information to allow prison officials to take appropriate responsive measures. See Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009).

Plaintiff states in his untimely appeal of July 2, 2010, which addressed his failure-to-protect claim, "Now I've been informed I must do the [appeals] process all over in order to file a civil law suit," implying that he did not know until then that he needed evidence of timely exhaustion to file suit, making it unlikely he could be certain, without documentary evidence, that he submitted his first two appeals precisely on November 24, 2008 and January 19, 2009.

Plaintiff's evidence that his appeal submitted on July 2, 2010 was screened out as untimely does not support his argument that prison officials were biased against him, because Plaintiff freely admits the appeal was filed too late. Nor does Plaintiff's evidence that he received a response to his December 7, 2009 appeal informing him that the "decision has not yet occurred" show bias or prejudice. In the December 7 appeal, Plaintiff requested a copy of an investigative report. While the response may not have given Plaintiff a complete explanation, there is no evidence of prejudice. (Id., Exh A.)

Based on this evidence and analysis, the Court finds that Plaintiff has not provided sufficient evidence that he exhausted his available remedies before filing suit, in compliance with the requirements of § 1997e(a).

## IV. CONCLUSION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in compliance with § 1997e(a). Defendants have shown evidence that Plaintiff failed to exhaust his remedies by an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against Defendants in this action. Plaintiff has not shown that he exhausted all the remedies available to him. Therefore, Defendants are entitled to dismissal of this action, and Defendants' motion to dismiss shall be granted.

Based on the foregoing, IT IS HEREBY ORDERED that:

1, Defendants' motion to dismiss for failure to exhaust remedies, filed on July 31, 2012, is GRANTED;

2. This action is DISMISSED without prejudice; and

3. The Clerk is directed to CLOSE this case.


IT IS SO ORDERED.

**Dated:   January 11, 2013**                          /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE